**Harmeet SINGH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3247–ag.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

Viney K. Gupta, Orange, CA, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Janice K. Redfern, Attorney, Dimitri N. Rocha, Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG and Hon. RICHARD C. WESLEY, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

50

**SUMMARY ORDER**

Harmeet Singh, a native and citizen of India, seeks review of a July 20, 2007 order of the BIA denying his February and March 2007 motions to reopen his removal proceedings. *In re Harmeet Singh,* No. A76 099 191 (B.I.A. July 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As a preliminary matter, to the extent that Singh attempts to challenge the merits of the underlying denial of his asylum application, that decision is not properly before this Court. Only the BIA's July 2007 decision is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1).

■ The BIA properly denied Singh's February and March 2007 motions to reopen as untimely and number barred where they were filed more than ninety days after the final order of removal was issued in his case and were his fifth and sixth motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (an alien may only file one motion to reopen and it must be within ninety days of the final administrative decision).

Moreover, the BIA did not abuse its discretion in finding that Singh failed to present material evidence of changed country conditions in order to satisfy the exception to this bar. *Cf.* 8 C.F.R. § 1003.2(c)(3)(ii); *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). Neither Singh's bare assertions in his motion and affidavit nor the country conditions evidence he submitted state how country conditions have changed in India for Sikhs, indicating, at most, that some incidents of violence have occurred. Indeed, Singh's allegations that police will "again haunt" him and that extremist Hindus will "again make my life miserable" do not, on their face, suggest that there has been any change.

■ In some circumstances the time and number limitations may be equitably tolled to accommodate claims of ineffective assistance of counsel, provided that the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). The BIA did not abuse its discretion in finding that Singh failed to establish due diligence pursuing his ineffective assistance of counsel claim where he failed to even assert when he discovered that his prior counsel had been ineffective. *See Jian Hua Wang v. Bd. of Immigration Appeals,* 508 F.3d 710 (2d Cir.2007) (finding that due diligence is analyzed from the time that the ineffective assistance was or should have been discovered).

■ . This Court lacks jurisdiction to review the BIA's decision not to reopen Singh's case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *See Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

Singh's frivolous attempt to recast his argument that he and his wife would suffer hardship if he were removed as a constitutional argument is unavailing as he cites to no authority legitimately supporting his

claims. *See Saloum v. USCIS*, 437 F.3d 238, 243–44 (2d Cir.2006) ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).